UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TIFFANY L., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:18-cv-04062-SLD-JEH |
| ANDREW SAUL,[1] | ) ) ) |
| Defendant. | ) |

ORDER

Plaintiff Tiffany L. filed an application for supplemental security income and disability insurance benefits. The Commissioner of the Social Security Administration ("the Commissioner") denied her application, and Tiffany seeks judicial review of this decision pursuant to 42 U.S.C. § 405(g). *See* Compl., ECF No. 1. Before the Court are Tiffany's Motion for Summary Judgment, ECF No. 10, the Commissioner's Motion for Summary Affirmance, ECF No. 14, and United States Magistrate Judge Jonathan Hawley's Report and Recommendation, ECF No. 16, which recommends denying Tiffany's motion and granting the Commissioner's motion.

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object within fourteen days of being served with a copy of the recommended disposition. *Id.* 72(b)(2). The district judge considers de novo the portions of the recommended disposition that were properly objected to, and may accept, reject, or modify the recommended disposition, or return it to the magistrate judge for further proceedings. *Id.* 72(b)(3). If no objection, or only partial

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul is substituted for his predecessor, Nancy Berryhill.

objection, is made, the district judge reviews the unobjected portions of the recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Neither party has objected to any portion of Judge Hawley's Report and Recommendation, so the Court reviews it for clear error only. The Court notes that Judge Hawley's review was limited to determining only whether the ALJ applied the correct legal standard and whether substantial evidence supports the ALJ's decision. *See Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quotation marks omitted). The ALJ does not have "to provide a complete and written evaluation of every piece of testimony and evidence, but must build a logical bridge from the evidence to his conclusion." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (quotation marks omitted). On review, a court cannot reweigh the evidence, decide questions of credibility, or substitute its own judgment, but must "nonetheless conduct a critical review of the evidence." *McKinzey*, 641 F.3d at 889.

After reviewing the Report and Recommendation, the parties' motions and memoranda, and the record, as well as the applicable law, the Court finds no clear error. Accordingly, the Report and Recommendation, ECF No. 16, is ADOPTED. Plaintiff Tiffany L.'s Motion for Summary Judgment, ECF No. 10, is DENIED and the Commissioner's Motion for Summary Affirmance, ECF No. 14, is GRANTED. The Commissioner's decision in this matter is AFFIRMED. The Clerk is directed to enter judgment and close the case.

Entered this 2nd day of August, 2019.

                                            s/ Sara Darrow
                                            SARA DARROW
                            CHIEF UNITED STATES DISTRICT JUDGE